**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

YVONNE MARTINEZ,

        Plaintiff,

vs.                                                        Case No. _____

HARTFORD INSURANCE COMPANY OF THE MIDWEST,

        Defendant.

**<u>NOTICE OF REMOVAL</u>**

     Property & Casualty Insurance Company of Hartford, improperly named as Hartford Insurance Company of the Midwest (Hartford), by and through its counsel of record, Riley, Shane & Keller, P.A. (Courtenay L. Keller), hereby gives notice of removal of this matter to the United States District Court for the District of New Mexico.   In support, Hartford states the following:

     1.      Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Hartford hereby gives notice of removal of all counts and claims asserted by the Plaintiff in the civil action filed in the Thirteenth Judicial District, County of Valencia, State of New Mexico, styled: *Yvonne Martinez v. Hartford Insurance Company of the Midwest*; Thirteenth Judicial District Cause No. D-1314-CV-2016-00011.   Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served to date are attached hereto as Exhibit "A".

     2.      This case was originally filed in this Court on November 5, 2015 (Case No. 1:15-cv-01007-SMV-WPL), but was dismissed due to Plaintiff's failure to allege the necessary facts of citizenship to sustain diversity jurisdiction.   *See* Memorandum Opinion and Order, Doc. 3, Case No. 1:15-cv-01007-SMV-WPL, filed November 17, 2015.   Plaintiff failed to correct the

error by filing an amended complaint and the case was dismissed without prejudice on December 11, 2015.  *See* Order of Dismissal, Doc. 5, Case No. 1:15-cv-01007-SMV-WPL.

3.      On January 6, 2016, Plaintiff filed a Complaint in State District Court, but erroneously named a financial planning company doing business in Dublin, Ohio (Hartford Financial Group, LLC) which is not affiliated with Hartford.  After being notified of the error, Plaintiff filed a First Amended Complaint for Breach of Contract, Breach of Implied Covenant of Fair Dealing and Unfair Trade Practices (First Amended Complaint), but again failed to name the entity who issued the subject insurance policy to Plaintiff.

4.      Plaintiff's First Amended Complaint was filed in the Thirteenth Judicial District Court on March 8, 2016.[1]  *See* Exhibit "A".  The State of New Mexico Office of the Superintendent of Insurance accepted service of the Summons and Complaint on Hartford's behalf on March 15, 2016, pursuant to NMSA 1978, Sections 59A-5-31 and 59A-5-32. Therefore, this Notice of Removal is timely filed under 28 U.S.C. § 1446(b); *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 348, 119 S.Ct. 1322, 1325 (1999) (holding that "a named defendant's time to remove is triggered by simultaneous service of the summons and complaint . . . but not by mere receipt of the complaint unattended by any formal service").

5.      This is an action of a civil nature in which the United States District Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between Plaintiff and Defendant, and the amount in controversy exceeds $75,000.00.

---

[1]      This case was previously filed in this Court, but was dismissed.

6.      The improperly named Defendant, Hartford Insurance Company of the Midwest, is an Indiana corporation with a principal place of business in Connecticut.   The proper Defendant, Property & Casualty Insurance Company of Hartford, is also an Indiana corporation with a principal place of business in Connecticut.   Plaintiff is a citizen and resident of New Mexico.  *See* Exhibit "A", First Amended Complaint at ¶¶ 1 and 2.

7.      Plaintiff alleges the amount that will be put at issue in the course of the litigation will exceed $75,000.00, exclusive of interest and costs.   *See* Exhibit "A", First Amended Complaint at ¶¶ 7 – 12.

8.      This case involves an actual controversy between the parties regarding: (a) the value of Plaintiff's bodily injury claim; (b) the amount of underinsured motorist (UIM) benefits owed by Hartford to Plaintiff; and (c) whether Hartford breached the insurance contract, acted in bad faith, and/or violated the New Mexico Unfair Practices Act.  *See generally* Exhibit "A", First Amended Complaint.

9.      Without admitting the validity of any of Plaintiff's allegations, the amount that will be put at issue in the course of the litigation will likely exceed the jurisdictional minimum because Plaintiff seeks: (a) UIM benefits in excess of $75,000; (b) actual damages arising from the contract, tort, and statutory claims; and (c) attorneys' fees.  *See generally* Exhibit "A", Amended Complaint.  *See also Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (1995); *see also Frederick v. Hartford Underwriters Ins. Co.,* 683 F.3d 1242, 1254 (10th Cir. 2012); and *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 554 (2014) (holding "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. . . [e]vidence establishing the amount is

required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation").

10. Without admitting any of Plaintiff's allegations, and without admitting the Plaintiff is entitled to recover any of the claimed damages, Hartford submits that the aggregate "value" of what Plaintiff seeks to recover in this case, or what a judgment would be worth to Plaintiff, exceeds $75,000.00. *See Wiatt v. State Farm Ins. Co.*, 560 F.Supp.2d 1068, 1075 (D.N.M. 2007) (providing court may "aggregate actual damages, punitive damages, attorneys' fees, and statutorily imposed penalties" when determining whether jurisdictional amount requirement is satisfied).

11. Pursuant to 28 U.S.C. § 1446(d), written notice of removal has been given to all adverse parties and a copy of this Notice of Removal has been filed with the Clerk of the Thirteenth Judicial District Court, County of Valencia, State of New Mexico.

Respectfully submitted,

**RILEY, SHANE & KELLER, P.A.**

By: */s/ Original signed by Courtenay L. Keller*
    **COURTENAY L. KELLER**
    *Attorneys for Defendant*
      *Hartford Insurance Company of the Midwest*
    3880 Osuna Road NE
    Albuquerque, NM 87109
    (505) 883-5030

       The undersigned hereby certifies that on the 6th day of April, 2016, a copy of the foregoing was electronically filed through the CM/ECF system, which caused the following participating CM/ECF counsel to be served with same by electronic means. The undersigned further certifies that on the 6th day of April, 2016, a true and correct copy of the foregoing was also e-mailed to the following counsel of record:

Amavalise F. Jaramillo
*Attorneys for Plaintiff*
P.O. Box 28
Tome, New Mexico 87060
(505) 553-2092

By: */s/ Original signed by Courtenay L. Keller*
    **COURTENAY L. KELLER**